UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

UNITED STATES OF AMERICA

      V.                                  11 CR 514 (CM)

EZEQUIEL GUZMAN,

          Defendant.
————————————————————————x

## DECISION AND ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE

McMahon, J.:

     On January 7, 2013, Ezequiel Guzman was sentenced principally to a term of imprisonment of 210 months following his plea of guilty for charges relating to the distribution of narcotics.  Guzman is currently incarcerated in a Residential Reentry Management Field Office in San Pedro, California. His projected release date is January 5, 2026.

     Before the Court is Guzman's *pro se* motion for compassionate release. Defendant claims that he has numerous health issues—including diabetes, hypertension, and cornea eye disease—that are "ending his life." Defendant's Motion at 5, ECF Doc. 45. Defendant says the he is "on a waiting list for a cornea transplant which will require a lot of medicine, which has a high cost and which the Federal Government has paid and I'm very grateful, but if the Federal Government would give me compassionate release I will be able to work and pay for my own medicine." *Id*. On the form motion that defendant used to make his motion he answers "No" to the question that asks whether he had requested compassionate release from the warden, and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/22

answers "None" to the question asking him to explain why he did submit a request to the warden. *Id.* at 3.

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances," § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

Since Guzman admits that he did not exhaust his administrative remedies, the present motion for compassionate release is not properly before the Court. Accordingly, the motion is denied, without prejudice. Guzman may renew his motion in this court if, after filing a motion for compassionate release with the Warden of the Residential Reentry Management Field Office in San Pedro, California, the warden denies the motion or fails to respond to the motion within 30 days.

Dated: January 5, 2022

Colleen McMahon
District Court Judge

2